## 20722

Anthony T. ROMANUS, Respondent, v. BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, Appellant.

(246 S. E. (2d) 97)

---

*William C. Boyd, III,* and *Hardwick Stuart, Jr.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, *for appellant.*

*A. Arthur Rosenblum,* Charleston, *for respondent.*

July 13, 1978.

LITTLEJOHN, Justice:

The defendant, Blue Cross and Blue Shield of South Carolina, has appealed from the order of the lower court which granted summary judgment in favor of the plaintiff, Anthony T. Romanus. The agreed statement of fact, as appears in the transcript, is as follows:

"This action was brought on September 9, 1976 to recover under a Blue Cross and Blue Shield contract for payment of hospital and medical expenses incurred by the Plaintiff in the stipulated amount of $20,000.00 arising out of an injury to his dependent son, Terry Romanus. On March 1, 1976, while employed by Berkeley Mobile Homes, Inc., Terry Romanus was injured in an automobile accident arising out and in the course of his employment. The workmen's compensation carrier for his employer paid Thirty-three Thousand Six Hundred Fifteen and 94/100 ($33,615.94) Dol-

lars for medical and hospital expenses. Terry Romanus brought suit against a third party tortfeasor and settled that claim. Pursuant to the statutory lien of the workmen's compensation carrier, Terry Romanus then paid over to the compensation carrier the sum of Thirty-three Thousand Six Hundred Fifteen and 94/100 ($33,615.94) Dollars as reimbursement of medical and hospital expenses.

The Blue Cross and Blue Shield policy has an exclusion clause which was asserted as a defense to the claim which reads as follows:

'Benefits shall not be provided for:

* * * * * *

Any service or expense for service to the extent the member or dependent is entitled to payment or benefits (whether or not any such payment or benefits has been applied for or paid pursuant to the Laws (now existing or as may be amended) of the United States, any State or political subdivision thereof. Specifically excluded hereunder, wnthout limiting the generality of the foregoing are benefits provided by or payable under Workman's Compensation Laws, the Veterans Administration, or any state or federal hospital for which hospital services the member or dependent is not legally obligated.'

This matter came before The Honorable Paul M. Moore, Presiding Judge, Ninth Judicial Circuit, on October 12, 1977 by agreement of parties on a joint motion for summary judgment. By Order dated October 17, 1977, The Honorable Paul M. Moore granted the Plaintiff's Motion for Summary Judgment, thus denying the Defendant's Motion for Summary Judgment. The Appellant timely filed a Notice of Intent to Appeal to the Supreme Court of South Carolina on October 25, 1977."

The lower court reached its conclusion and made its ruling by finding that there was an ambiguity in the exclusion quoted hereinabove. The court rationalized . . . "that any

doubt or ambiguity in the meaning of a policy provision is to be resolved in favor of the insured and against the insuror who selected the phrase in question, . . ." In so ruling the lower court attempted to make a distinction between those cases . . . "where the employer is solely and ultimately responsible for the consequences of the employee's injury and not to the far less typical case, where the injuries are caused by the negligent act of a third party." We think the court erred.

The case may be resolved by answering the first question taken from the appellant's brief:

"Is the wording of the exclusionary clause of the policy ambiguous on its face?" .

The benefits which the respondent seeks to recover from the appellant are, we think, clearly and unmistakably . . . "benefits provided by or payable under Workmen's Compensation Laws, . . .." When there is no ambiguity, a policy is not subject to interpretation by the court and the parties are bound by the provisions, which in this case are clear.

Reversed.

Lewis, C. J., and Ness, Rhodes and Gregory, J.J., concur.