PRUDENTIAL INSURANCE COMPANY OF
AMERICA *v.* James A. JONES

CA 80-455                                    613 S.W. 2d 114

Court of Appeals of Arkansas
Opinion delivered March 18, 1981

52

*Rose Law Firm*, for appellant.

*Sam Ed Gibson*, for appellee.

LAWSON CLONINGER, Judge. Benton Hydraulics, Inc. purchased from appellant, Prudential Insurance Company of America, a group insurance policy which provided medical expense benefits for its employees. Appellee, James A. Jones, was president and general manager of Benton Hydraulics, Inc., and he and his wife owned all the stock.

Appellee thereafter received an accidential injury within the course of his employment for Benton Hydraulics, Inc., and incurred medical expenses totaling $2,008.35. Appellant paid a hospital bill in the sum of $526.92, but refused to pay further benefits when it was determined that appellee had been injured in the scope of his employment. The policy issued by appellant contains the following provision:

The plan does not cover: Occupational Injury or Disease — charges in connection with injury or disease recognized as a compensable loss by the provisions of any workmen's compensation, occupational disease or similar law under which you are covered or, if you are not a proprietor or partner of the employer, under which you could be covered on a mandatory or voluntary basis, whether or not you have such coverage.

The Arkansas Workers' Compensation Act, Ark. Stat. Ann. § 81-1320 (Repl. 1976) provides:

(a) No agreement by an employee to waive his right to compensation shall be valid, and no contract, regulation or device whatsoever, shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this Act, except as specifically provided elsewhere in this Act. Provided however, that any officer of a corporation or self-employer who is not a subcontractor and who owns and operates his own business may by agreement or contract exclude himself from coverage or waive his right to coverage or compensation under this Act ...

The trial court, sitting without a jury, gave judgment for appellee on his complaint for $1,481.43, statutory penalty of 12%, and an attorney's fee of $500.00. Appellant's counterclaim for $526.92 was denied.

The sole issue on appeal is whether appellee's injury was excluded from coverage under the policy issued by appellant.

Appellee, as an officer of a corporation, had a right to agree or contract to exclude himself from coverage under the Arkansas Workers' Compensation Act. Even if an exclusion agreement were in the record, which it is not, the appellee could not prevail. Appellant's policy excludes any injury recognized as a compensable loss by the provisions of any workers' compensation act, where the worker is covered or could be covered, whether he has the coverage or not, unless

the worker is a *proprietor or partner of the employer*. We hold that appellee is not a proprietor, and that he is excluded from recovery under the policy issued by appellant.

Appellee has chosen to ignore the corporate character of his employer, and to claim the status of proprietor. Appellee defines *proprietor* as "A person who has the legal or exclusive right to anything; an owner," which is an acceptable definition; but appellee is not the owner of any part of his employer's business except shares of stock in Benton Hydraulics, Inc. Even the stockholders of a small, family-owned corporation, are not permitted to deny the corporate entity when convenient and claim the benefits of the corporate structure when to do so is advantageous.

Any doubt as to the meaning of the language used in a contract of insurance will be resolved against the insurer. *American Republic Life Insurance Company* v. *Edenfield*, 228 Ark. 93, 306 S.W. 2d 321 (1957). However, when a policy of insurance is unambiguous we cannot construe it to attain a different meaning. *May* v. *Utah Home Fire Insurance Company*, 256 Ark. 163, 506 S.W. 2d 123 (1974). In the case of *Walker* v. *Countryside Casualty Company*, 239 Ark. 1085, 396 S.W. 2d 824 (1965), coverage under a liability policy was excluded for any employee of the insured. The Court found that the injured person was an employee; and thereby excluded from coverage. The Court cited, with approval, the case of *Rhame* v. *National Grange Mutual Insurance Company*, 238 S.C. 539, 121 S.E. 2d 94 (1961), which stated:

> However, in cases where there is no ambiguity, contracts of insurance, like other contracts must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the courts have no authority to change the contract in any particular ...

Provisions in group health insurance polices which exclude liability for occupational injuries are common and they are enforceable. *Hathorn* v. *Continental Bankers Life Insurance Company*, 334 So. 2d 730 (La. App. 1976);*Roman-*

*us* v. *Blue Cross and Blue Shield Of South Carolina*, 246 S.E. 2d 97 (S.C. 1978).

The judgment of the trial court awarding a recovery, statutory penalty, and attorney's fee to appellee on his complaint is reversed and dismissed, and the trial court is directed to enter judgment for appellant on its counterclaim in the sum of $526.92.

Reversed and remanded.