NATIONWIDE MUTUAL INSURANCE COMPANY *v.*
Jeannie WORTHEY, Individually and as the Mother and
Next Friend of Dustin Worthey, A Minor

93-87                                          861 S.W.2d 307

Supreme Court of Arkansas
Opinion delivered September 20, 1993

*Mixon & McCauley*, for appellant.

*Henry, Walden & Halsey*, for appellee.

Tom Glaze, Justice. Jeannie Worthey and her husband Kenneth obtained an automobile liability policy from Nationwide Mutual Insurance Co. on their two pickup trucks and Cadillac. The policy covered the Wortheys and their son Dustin, for all bodily injuries sustained by them and caused by an accident and arising out of another's ownership, maintenance, or

use of an uninsured automobile. The Wortheys also owned a 1975 Honda Trail 70 vehicle which they did not insure; it is that vehicle which is the center of this litigation.

In short, Dustin was operating the Trail 70 vehicle on a county road when an uninsured motorist ran into Dustin. Nationwide refused to pay for Dustin's injuries, so Jeannie, as Dustin's next friend, brought suit against Nationwide to recover under the uninsured motorist coverage of the Wortheys' policy with Nationwide. The trial court awarded judgment against Nationwide from which Nationwide now appeals.

Nationwide argues that Dustin is excluded from the uninsured motorist coverage of Wortheys' policy because the policy terms provide that "[I]t (the uninsured motorist coverage) does not apply to bodily injury suffered while occupying a motor vehicle owned by you or a relative living in your household, but not insured for Uninsured Motorists coverage under this policy." Nationwide contends the Worthey Trail 70 vehicle was a motor vehicle and therefore excluded from coverage since the Wortheys owned the vehicle but failed to insure it for uninsured motorist coverage.[1]

Worthey counters Nationwide's contention by arguing the Trail 70 is not a motor vehicle. The trial court agreed with Worthey, and Worthey submits the evidence presented below clearly supports the trial court's holding.

Both Worthey and Nationwide point to the policy which defines "motor vehicle" as follows:

[A] land motor vehicle designed to be driven on public roads. They do not include vehicles operated on rails or crawler-treads. Other motor vehicles designed for use mainly off public roads are covered when used on public roads.

In discussing the foregoing definition, Worthey cites cases and Arkansas statutes to support her position that the uninsured

---

[1] We note that this court has held this type uninsured motorist exclusion is valid. *See Crawford* v. *Emcasco Insurance Company*, 294 Ark. 569, 745 S.W.2d 132 (1988); *see also* Ark. Code Ann. § 23-89-403 (1987).

Trail 70 vehicle owned by the Wortheys and operated by Dustin was not a motor vehicle and therefore did not come within the uninsured motorist exclusion provision of Nationwide's policy. For clarity sake, we first dispel any thought or suggestion that the Trail 70 vehicle is not a motor vehicle under state law. Second, we will consider if the language contained in Nationwide's policy definition of motor vehicle permits or dictates a different result.

Under Arkansas Registration and Licensing laws, motor vehicle means every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails. Ark. Code Ann. § 27-14-207 (Supp. 1991); *see also* Motor Vehicle Safety Responsibility Act, Ark. Code Ann. § 27-19-206 (1987) for the same definition. Obviously, a Trail 70 is self-propelled, and is further included within the statutory definition of a "motor-driven cycle," which is a *motor vehicle* having a seat or saddle for use of the rider and designed to travel on no more than three wheels in contact with the ground and having a motor which displaces 250 cubic centimeters or less.[2] Ark. Code Ann. § 27-20-101(2) (1987). It is also clear that when a motor-driven cycle (which by definition includes a Trail 70 motor vehicle) is operated on the streets and highways of Arkansas, that vehicle must be registered and licensed. Ark. Code Ann. § 27-20-105 (Supp. 1991). In addition, state law requires such a motor vehicle be equipped with standard equipment, including a headlight, tail light, red reflector, horn and standard muffler. Ark. Code Ann. § 27-20-104 (1987).

Here, the Wortheys knew their Trail 70 had a 70 cc engine, they allowed Dustin to ride the vehicle on public streets and knew the accident giving rise to this litigation had occurred on a public road. From the record before us, we have no doubt that, under state law at least, the Worthey Trail 70 vehicle was a motor vehicle (motor-driven cycle), and because it was used upon public streets, was subject to Arkansas's registration and licensing laws. Thus, if statutory law alone controlled the terms or coverage of the Nationwide policy here, Dustin obviously could not recover

---

[2] This definition does not include a motorized bicycle. *See* Ark. Code Ann. § 27-20-101(3).

since he was operating a Trail 70 *motor vehicle* when injured and the motor vehicle had not been insured by the Wortheys for uninsured motorists coverage. Having said this, however, does not resolve the issue concerning the Nationwide policy definition of motor vehicle — which differs from the one defined by statutory law — and whether that difference precludes Nationwide from using the uninsured motorist exclusion provision of its policy to deny Dustin damages. We believe it does.

As previously set out above, the Nationwide policy defines "motor vehicle" as a land motor vehicle designed to be driven on public roads. Because the policy definition limits "motor vehicle" to one "designed to be driven" (not merely used) on public roads, such a definition appears somewhat narrower than that contemplated by Arkansas's statutory law. Thus, Worthey argues that, because she offered evidence below that the Trail 70 vehicle Dustin operated was designed and intended for use off the public road, such vehicle did not come within the policy definition of motor vehicle. This being so, she concludes the uninsured motorists coverage exclusion simply is inapplicable and cannot be used to prevent Dustin's recovery for the damages he sustained.

In support of Worthey's argument, she cites *Carner* v. *Farmers Ins. Co. of Ark.*, 3 Ark. App. 201, 623 S.W.2d 859 (1981), which factually is similar to Worthey's present situation. In *Carner*, the insurance automobile policy covered three cars owned by Carner, the insured, and it provided further that the named insured or relative could recover necessary medical service expenses for bodily injury sustained through being struck by a motor vehicle while not occupying any other motor vehicle. Carner's son was riding on a friend's motorcycle when the motorcycle was struck by a car, and in seeking medical expenses under the policies covering his three automobiles, Carner contended the motorcycle which his son rode was not a motor vehicle as defined by the policies issued on Carner's automobiles. Carner pointed to the definition of motor vehicle contained in his policies which provided that the term means a land motor vehicle designed for use principally upon public roads. The court of appeals held that, in determining the character of the vehicle in issue, it must consider (1) the vehicle's actual use, (2) the design and intended use by the manufacturer and (3) how it is commonly used. When considering Carner's proof relative to these factors,

the court rejected Carner's contention by finding the evidence was insufficient to show that the vehicle his son was riding was not a trail bike rather than a motorcycle. To the contrary, the court held that the record showed the vehicle was a motorcycle which by definition was a motor vehicle.

Worthey argues that, contrary to the insured's failure of proof in *Carner*, she presented ample proof below that the Trail 70 vehicle was designed and intended for use off public roads. Based on that proof, the trial court here found that under the Nationwide policy terms, the Trail 70 was not a motor vehicle and such finding should be affirmed unless determined clearly erroneous.

If sufficiency of the evidence in this appeal proved the determinative issue, we might readily differ with Worthey's view that the evidence bearing on the three factors noted in *Carner* require a finding that Worthey's Trail 70 is not a motor vehicle. While Worthey certainly offered evidence indicating that the Trail 70 was not designed and manufactured for use on public roads, considerable proof also showed that Dustin's *actual use* of the vehicle was on public streets and roads. As to the third factor in *Carner* or how the Trail 70 was commonly used, we do not find the evidence or argument compelling on either party's side of the issue.

The clear answer to whether the uninsured motorist coverage provision in Nationwide's policy bars Worthey recovery is found in the third sentence of the policy definition of motor vehicle, and when reading it, in determining whether an ambiguity exists as a matter of law. It has been held that where a term is defined in the policy, the court is bound by the policy definition. *Enterprise Tools, Inc.* v. *Export-Import Bank*, 799 F.2d 437 (8th cir. 1986). It is also settled that an insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy. *Aetna Ins. Co.* v. *Smith*, 263 Ark. 849, 568 S.W.2d 11 (1978).

Under Arkansas law, the intent to exclude coverage in an insurance policy should be expressed in clear and unambiguous language, and an insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against

the insurer. *Baskette* v. *Union Life Ins. Co.*, 9 Ark. App. 34, 36, 652 S.W.2d 635, 637 (1983). If the language in a policy is ambiguous, or there is doubt or uncertainty as to its meaning and it is fairly susceptible of two or more interpretations, one favorable to the insured and the other favorable to the insurer, the one favorable to the insured will be adopted. *Drummond Citizens Ins. Co.* v. *Sergeant*, 266 Ark. 611, 620, 588 S.W.2d 419, 423 (1979).

Keeping in mind the foregoing rules, we direct our attention to the policy language contained in the third sentence following the policy definition of motor vehicle which reads, "other motor vehicles designed for use mainly off public roads *are covered* when used on public roads." In reading this language in conjunction with the first sentence defining motor vehicle, it appears to say that even motor vehicles not designed to be driven on public roads are covered under the policy when the vehicle is used on public roads. Nationwide attempts to argue the reference to the word "covered" does not mean covered by the policy, but instead means the *definition* of motor vehicle *covers* an off-road vehicle when it is used on a public road. Nationwide's explanation for the term "covered" in this context is somewhat puzzling. Significantly, we think, Nationwide offers no reason or purpose why such coverage language would be placed in the definition section of the policy, especially when the policy contains provisions which exclude physical damage, personal injuries and uninsured motorist coverage when such damages are sustained when occupying an insured's off-road motor vehicle.[3] Nevertheless, the language employed in the policy unquestionably lends itself to the reasonable interpretation we mentioned above, namely, that the policy provides coverage even when off-road motor vehicles are used on public roads. Because we hold an ambiguity exists in Nationwide's policy, we must adopt the interpretation that favors the insured in these circumstances, and in doing so, hold Dustin's injuries were covered under the

---

[3] At one point, we hypothesized that perhaps the Nationwide policy would cover certain medical or physical damages when an insured's off-road vehicle was struck by another's insured vehicle even though the policy coverage would not extend to uninsured motorist coverage. This possibility was dismissed when examining other parts of the policy which appear to exclude all damages when sustained under such circumstances.

Nationwide policy. Accordingly, we affirm the trial court's decision and award favoring Worthey. While we recognize the trial court decided this case on a different theory, the court sustains a trial court's ruling if it reached the right result. *Bushong* v. *Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992).

■ In conclusion, we mention Nationwide's second point for reversal wherein it argues the trial court erred in allowing into evidence a report from the Code of Federal Regulations which indicated that a mini-bike was not a motor vehicle under the terms or meaning of the National Traffic and Motor Vehicle Safety Act of 1966. Of course, this evidentiary point has no relevance on whether Nationwide's policy contained an ambiguity. Whether an insurance contract is ambiguous is a question of law. *Enterprise Tools, Inc.*, 799 F.2d 437. Thus, the federal report admission into evidence has no relevance to this case as decided on appeal and suffered no harm by its introduction below.

Affirmed.

BROWN, J., concurs.