Lela K. PHELPS *v.* U.S. LIFE CREDIT
LIFE INSURANCE COMPANY

98-446 984 S.W.2d 425

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*Walters, Hamby & Verkamp*, by: *Michael Hamby*, for appellant.

*Horne, Hollingsworth & Parker*, by: *Allan W. Horne* and *Mark H. Allison*, for appellee.

L AVENSKI R. SMITH, Justice. This appeal arises from a contract action seeking enforcement of a credit life insurance policy. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1-2(b)(1), (4) and (6) (1998) (certified to this court because issue involves case of first impression, substantial public interest, and substantial question of law concerning statutory interpretation, specifically Ark. Code Ann. § 23-79-107 (Repl. 1992)).

Appellee, U.S. Credit Life Insurance Company, sold the policy by its agent to Lincoln Phelps incident to his purchase of a pick-up truck on November 4, 1994. Approximately twenty-two months later, Mr. Phelps died suddenly from an acute myocardial

infarction with a chronic condition of cardiac arrhythmia. Appellant, the widow of Lincoln Phelps and administratrix of his estate, filed a claim with appellee seeking payment of death benefits to the creditor beneficiary, Ford Motor Credit. Appellee denied the claim contending that decedent's application answers misrepresented his true health condition. Appellee asserted that if it had known of decedent's heart condition it would not have issued the policy and was therefore entitled to rescind it under applicable state law.

Appellant filed suit on January 24, 1997, in Sebastian County Circuit Court alleging breach of contract and seeking a jury trial. Appellee defended its denial of benefits alleging misrepresentation and nondisclosure. It further requested, by motion, transfer of the matter from circuit to chancery court because it sought rescission of the contract which is an equitable remedy unavailable in circuit court. The circuit court granted appellee's motion transferring the case to the Sebastian County Chancery Court in July 1997. The parties tried the case on January 22, 1998. Chancellor J.M. Spears issued his order February 2, 1998, wherein he found (1) that both parties acted in good faith, (2) that the application question was ambiguous but that Ark. Code Ann. § 23-79-107(a)(3) controlled and it entitled appellee (U.S. Life) to rescind the contract because decedent's answers, while in good faith, were not adequate disclosure of his health condition. The court accepted the company's good-faith contention that it would not have issued the policy had it known of the decedent's heart condition. The Chancellor regarded the ambiguity as immaterial under section 23-79-107(a)(3) in that U.S. Life would not have issued the policy had Mr. Phelps answered "yes" regarding his heart condition. The trial court by order entered on March 10, 1998, granted U.S. Life's request for rescission, limited U.S. Life's liability to return of the premium and dismissed Phelps's complaint.

Mrs. Phelps raises three issues on appeal. She alleges error below (1) by the Circuit Court of Sebastian County in transferring the matter to Chancery Court, (2) by the Chancery Court of Sebastian County in its application of the law to its construction of the contract and (3) in its construction of Ark. Code Ann. § 23-79-107(a)(3).

Appellant's arguments for the circuit court retaining jurisdiction on the basis of rescission-at-law theory are reasonable yet unpersuasive relative to the facts of this case. Appellant originally filed this action in circuit court seeking money damages. However, appellee's answer raised the equitable defense of rescission, and its motion to transfer to chancery court was granted. Phelps contends that U.S. Life effected rescission at law by its declination letter and tendering a premium refund. According to appellant, if U.S. Life's rescission was one at law rather than in equity it could be accomplished under the jurisdiction of the circuit court in that appellee would have an adequate remedy at law and obviate transfer to an equity court. To the contrary, appellee contends that this case involves cancellation of an instrument, which is exclusively the province of the chancery court. Appellee is correct.

■ Appellee's defense sought rescission of its insurance policy, which is cancellation of an instrument. In *Herrick v. Robinson*, 267 Ark. 576, 595 S.W.2d 637 (1980) we observed that rescission is both a legal and equitable remedy but transfer to equity is necessary when an exclusively equitable remedy, such as cancellation of an instrument is raised. In a relatively recent discussion of the distinction between legal and equitable rescission, this court pointed out that rescission is a remedy cognizable in equity. It is distinct from rescission at law in that equitable rescission requires the affirmative powers of the court of equity to rescind or undo the contract whereas in rescission at law the court merely grants restitution after the party seeking it has achieved rescission by its own acts. *Maumelle Co. v. Eskola*, 315 Ark. 25, 29, 865 S.W.2d 272, 274 (1993). In this case, appellee's affirmative defense sought to cancel an instrument which is exclusively an equitable power. A court of law does not have subject-matter jurisdiction to itself rescind or undo the contract. *Coran v. Keller*, 295 Ark. 308, 311, 748 S.W.2d 349, 351 (1988).

■ Rescission at law would be appropriate where the purpose of the action is merely to achieve return of consideration paid as in a sale of goods. However, in the instant case, cancellation of an instrument was the defense objective in seeking rescission. This remedy the circuit court would not grant. Therefore the circuit court did not err in transferring the case to chancery court.

In any event, U.S. Life correctly points out that even if the circuit court erred in transferring the case to chancery court, the appellant suffered no prejudice in that the central issues were legal questions for the court and not factual questions for a jury.

Appellant also contends that the chancellor erred when he determined that the contract provision in question was indeed ambiguous but should not be construed against the insurer. The application question queried,

> During the last twelve months, have you been treated for or hospitalized for any condition of the heart, liver, kidney, lung or other life threatening illness?

The Chancellor found that this question was susceptible to two reasonable interpretations and was therefore ambiguous. One interpretation propounded by USLife viewed the question as a compound question asking (1) have you been treated or hospitalized for any condition of the heart, liver, kidney, or lung? and (2) have you been treated for any life threatening illness? Alternatively, the question could also reasonably be understood to have asked: have you been treated for or hospitalized for any condition of the heart, liver, kidney, or lung which was life threatening? Appellant argues that the decedent made the latter interpretation which as an applicant he could answer truthfully in the negative based upon his understanding of his condition as explained to him by his treating physician. The ambiguity is patent as even appellee contends it is a compound question asking for two dissimilar medical assessments.

 Courts must give effect to the plain wording of an insurance policy according to the ordinary meaning of its terms where the language is unambiguous. *Ingram v. Life Ins. Co. of Georgia*, 234 Ark. 771, 773, 354 S.W.2d 549, 550 (1962). However, once a definitive finding is made that an ambiguity exists in its terms, it is incumbent upon the trial court to construe the provision in favor of the insured. As stated by this court in *Keller v. Safeco Ins. Co.*:

> A cardinal rule of insurance law is that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. . . . An ambiguity exists when a pro-

vision is susceptible to more than one reasonable interpretation. If there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. . . .

317 Ark. 308, 311, 877 S.W.2d 90 (1994). *See also Uniguard Sec. Ins. Co. v. Murphy Oil USA, Inc.,* 331 Ark. 211, 962 S.W.2d 735 (1998). In construing policy language, we will resolve all reasonable doubts in favor of the insured. *State Farm Mut. Auto Ins. Co. v. Traylor,* 263 Ark. 92, 562 S.W.2d 595 (1978). In particular, any written instrument such as a contract, binder, *application,* or memorandum, delivered by the insurer to an applicant, is strictly construed against the insurer where the language employed is ambiguous. *See Farm Bureau Mut. Ins. Co. v. Milburn,* 269 Ark. 384, 387, 601 S.W.2d 841, 842 (1980). Applying these principles to the instant case, once the trial court found the subject language to be ambiguous, it erred in not construing the same against the appellee.

■ Appellant also alleges error by the court in its construction of Ark. Code Ann. § 23-79-107. We agree. The chancellor held the question's ambiguity to be immaterial under subsection 23-79-107(a)(3). The trial court interpreted this statute to give appellee a means of invalidating the contract even if its questions were ambiguous. The chancellor erroneously concluded that appellee in good faith would not have provided coverage had it known Mr. Phelps was being treated for a heart condition. The statute fails to support such a holding. The court misconstrued subsection (a)(3). It is clearly intended to apply to "[M]isrepresentations, omissions, concealment of the facts and incorrect statements . . ."[1] In the instant case, no misrepresentations, omissions, concealment of facts, and incorrect statements occurred as described in § 23-79-107, and therefore this statutory provision is inapplicable to the facts. The chancellor, in fact, specifically found that Mr. Phelps was truthful in his answer of "no" to the question whether he was being treated for a life-threatening condition, and that Mr. Phelps and appellee had acted in good

---

[1] See Ark. Code Ann. 23-79-107(a)

faith in their dealings with one another. This is particularly so in light of our holding that the application must be construed in favor of the insured and against the company. In sum, § 23-79-107 is altogether inapplicable to the facts of this case and does not avail appellee the authority to void coverage under the policy previously issued to Mr. Phelps. For all the foregoing reasons, we reverse and remand.

Reversed and remanded.