Sarah SMITH v. SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY

02-787                                          114 S.W.3d 205

Supreme Court of Arkansas
Opinion delivered May 15, 2003

*Jeff Slaton,* for appellant.

*Davis, Wright, Clark, Butt & Carithers, PLC,* by: *Constance G. Clark* and *Don A. Taylor,* for appellee.

R AY THORNTON, Justice. Appellant, Sarah Smith, appeals the trial court's granting of summary judgment in favor of Southern Farm Bureau Casualty Insurance Company (Farm Bureau). Mrs. Smith appeals the trial court's decision that the phrase "you or any member of your family residing in your household" in an insurance policy was not ambiguous, and that there was no question of material fact concerning the terms of the policy's underinsured-motorist clause.

On November 29, 1999, Sarah Glass, now Sarah Smith, was injured when Melbern Samuels struck a vehicle in which Mrs. Smith was a passenger. Mr. Samuel's insurance carrier settled with Mrs. Smith for the policy limit of $25,000.00. Mrs. Smith contended that her damages exceeded $25,000.00 and attempted to make a claim under the underinsured-motorist coverage of her then boyfriend, Raymond Smith, issued by Southern Farm Bureau Casualty Insurance Company. Raymond Smith's car was not involved in Mrs. Smith's accident. Farm Bureau denied the

claim on the basis that the policy covered only the policy holder and/or members of the policy holder's family residing in his household. Because Mr. Smith and Mrs. Glass were living together but not married at that time, she was not considered to be a family member by Farm Bureau.

After her marriage to Raymond Smith, Sarah Smith filed suit against Farm Bureau on October 1, 2001, arguing that she was entitled to be covered by the underinsured-motorist clause and medical-payment coverage under her husband's Farm Bureau policy. The disputed portion of the insurance policy states that under the medical-payment coverage, the person covered is defined as "you or any member of your family residing in your household." Mrs. Smith moved for summary judgment on the grounds that the policy did not define the word "family" and it was an ambiguous term that as a matter of law must be construed against Farm Bureau in favor of coverage. Farm Bureau also moved for summary judgment on the grounds that the insurance policy was not ambiguous, and that Mrs. Glass was not a member of Mr. Smith's family at the time of the accident.

A hearing was held on March 14, 2002, where the trial court granted summary judgment in favor of Farm Bureau, finding that the only reasonable conclusion was that the word "family" implies a legal or blood relationship. The trial court found that any other interpretation would render the language of the policy reading "you or any member of your family residing in your household" meaningless. An order was entered April 29, 2002, and it is from that order that Mrs. Smith appeals. We affirm the summary judgment and hold that there was no question of fact for the jury concerning the meaning of the word "family."

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judg-

ment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unresolved. *Id.*

■ ■ Ambiguous terms within an insurance policy should be construed against the insurer. *Southern Farm Bureau Insurance Casualty Co. v. Williams*, 260 Ark. 659, 543 S.W.2d 467 (1976). However, we also held that "the terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded and for which it was not paid." *Id.* Insurance contracts are to be construed strictly against the insurer, but where language is unambiguous, and only one reasonable interpretation is possible, it is the duty of the courts to give effect to the plain wording of the policy. *Unigard Security Insurance Co. v. Murphy Oil, USA, Inc.*, 331 Ark. 211, 962 S.W.2d 735 (1998). Our court of appeals has expanded on this language and stated that the "language of an insurance policy is to be construed in its plain, ordinary, and popular sense." *Tri-State Prudential Insurance Co. v. Sing*, 41 Ark. App. 142, 850 S.W.2d 6 (1993); *Prudential Insurance Co of America v. Jones*, 1 Ark. App. 51, 613 S.W.2d 114 (1981).

■ Mrs. Smith argues that because the term "family" was not defined by the policy, it must be ambiguous. There is no authority for this argument. Furthermore, we have encountered undefined terms in insurance policies and deemed the terms unambiguous. For example, in *Nationwide Mutual Insurance Co. v. Worthey*, 314 Ark 185, 861 S.W.2d 307 (1993), we held that a motor-driven cycle used on public streets was a "motor vehicle" even though it was not specifically listed in the policy as a motor vehicle. *Id.*

■ We have established as a guideline of contract interpretation that the different clauses of a contract must be read together and that the contract should be construed so that all parts harmonize. *Continental Casualty Co. v. Davidson*, 250 Ark. 35, 463 S.W.2d 652 (1971). Construction that neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions. *Id.*

The Court of Appeals of Washington recently encountered a similar issue in a case where a young man was injured in an automobile accident and then attempted to make a claim under the insurance policy of his mother's boyfriend. *Matthews v. Penn-America Insurance Co.*, 106 Wash. App. 745, 25 P.3d 451 (2001). That court held that the victim, who lived in the same household as his mother and her boyfriend at the time of the accident, was not a member of the insured's "immediate family" for purposes of coverage under his mother's boyfriend's policy. The court explained that the word "family" must be construed in the popular sense:

> The meanings of "family" range from "a group of persons connected by blood, by affinity, or by law" to " a group of people who live, sleep, cook and eat upon the premises as a single housekeeping unit." The question is whether the average purchaser of insurance would reasonably read Penn-America's language to intend coverage for the traditional group connected by blood, affinity, or law, or for the more broadly defined group of people who live . . . upon the same premises. If "family" is to be construed broadly, Blake would be covered because he, his mother, and Edinger lived together under the same roof for most of the five years before his 1994 accident. But if "family" is read in the more limited traditional sense, Blake would not be covered because he was not related by blood, affinity, or law to Edinger. We conclude that, in the context of Penn-America's policy, the average purchaser would read "family" in the traditional, "connected by blood, affinity, or by law." Thus, Blake was not covered as a family member.

*Id.* (Citations omitted.)

■ This case is directly on point with the instant case, and we agree that if we were to construe the term "family" to mean anything other than related by blood or by law, then the terms "family" and "household" would merge, making the words "your family" in the phrase "you or any member of your family residing in your household" both redundant and meaningless. We agree with the Washington court's holding that " 'family' must further qualify the definition of 'insured' beyond the qualification imposed by residency." *Id.*

We further agree with the trial court in its finding:

[T]he insurance policy in the instant case provides coverage for "you or any member of your *family residing in your household.*" (Exhibit A, p. 11)(Emphasis added). In order to afford coverage under the policy, two requirements must be met: 1) the claimant must be a member of the policyholder's *family*; and 2) the claimant must *reside in the household* of the policyholder. To construe the term "family" in the non-traditional sense of "all those who live under one roof," would merge those two requirements into one and would reject the rules of construction requiring one to construe the contract of insurance so that all clauses harmonize and requiring one to give legal effect to *all* language used.

We conclude that to give effect to the entire phrase, "you or any member of your family residing in your household," the term "family" has the meaning in common parlance as kin, by blood, marriage, or adoption. Any other interpretation nullifies the portion of the policy language requiring the claimant to be a member of the insured's family. Otherwise, the claimant could be any person living in the same home as the insured.

We find no error in the trial court's finding that there is no ambiguity in the word "family" as included in the policy, and that summary judgment was appropriate. Accordingly, we affirm.

CORBIN, J., concurs.

IMBER, J., dissents.

DONALD L. CORBIN, Justice, concurring. This case was certified to us by the Arkansas Court of Appeals as presenting an issue of first impression and substantial public interest: Whether the term "family," as used in an automobile insurance policy, encompasses a couple living together. I agree with the majority that the trial court was correct in ruling that the plain meaning of the term is kin, or persons related by blood or marriage. I further agree that because Appellant Sarah Smith was not, at the time of the accident, married to the insured, Raymond Smith, she was not covered under his insurance policy.

The policy in this case provided underinsured-motorist coverage for "you [the insured] or any member of your family residing in your household." Sarah argued that because she and Raymond shared living expenses, as an economic unit, and resided

in the same household, she was a member of his family. The trial court disagreed, ruling from the bench:

> I think clearly that's the reasonable construction of that term, and especially as used in this paragraph, or this sentence, because it does say "member of your family residing in your household." So if we're just going to say family means household, then you don't need the word "family" in there; you're just talking about household. . . . My job is to interpret the law as I understand it, and for me to say that "family" means just anybody in the household in this situation is really straining that contract language. To me, interpretation of "family" in this state means somebody that's kin to you, they're residing in your household, and they're going to be covered under that policy. And if not, they're not. Otherwise, how are these insurance people going to know how to charge a premium?

Thereafter, the trial court granted summary judgment to Appellee Southern Farm Bureau.

Where there is a dispute as to the meaning of a contract term or provision, be it an insurance or other contract, the trial court must initially perform the role of gatekeeper, determining first whether the dispute may be resolved by looking solely to the contract or whether the parties rely on disputed extrinsic evidence to support their proposed interpretation. *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001). Where the issue may be resolved by reviewing the language of the contract itself, it is the trial court's duty to make such a determination as a matter of law, and summary judgment is appropriate. *Id.*

The law regarding the interpretation and construction of an insurance policy is well settled in this state. The language in an insurance policy is to be construed in its plain, ordinary, and popular sense. *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 16 S.W.3d 242 (2000). If the language is unambiguous, this court will give effect to the plain language of the policy without resorting to the rules of construction. *Elam*, 346 Ark. 291, 57 S.W.3d 165. "In considering the phraseology of an insurance policy the common usage of terms should prevail when interpretation is required." *Continental Cas. Co. v. Davidson*, 250 Ark. 35, 42, 463 S.W.2d 652, 655 (1971). On the other hand, if the language is ambiguous, this court will construe the policy liberally in favor of the insured and strictly against the insurer. *Id.* Language is ambig-

uous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation. *Id.*

Additionally, different clauses of an insurance contract must be read together and the contract construed so that all of its parts harmonize, if that is at all possible, and, giving effect to one clause to the exclusion of another on the same subject where the two are reconcilable, is error. *Continental*, 250 Ark. 35, 463 S.W.2d 652. A construction that neutralizes any provision of a contract should never be adopted, if the contract can be construed to give effect to all provisions. *Id.* (citing *Fowler v. Unionaid Life Ins. Co.*, 180 Ark. 140, 145, 20 S.W.2d 611, 613 (1929) (holding: "Every word in the agreement must be taken to have been used for a purpose, and no word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument.")).

The question then is whether the word "family," as used in Raymond's policy, is fairly susceptible to more than one reasonable interpretation, when it is given its plain, ordinary, popular, and common usage. I believe that it is not. When read within the context of the entire phrase, "any member of your family residing in your household," there can only be one reasonable interpretation: family means kin. This is the same conclusion reached by the Washington Court of Appeals in *Matthews v. Penn-America Ins. Co.*, 106 Wash. App. 745, 25 P.3d 451 (2001).

In *Matthews*, the appellant was an adult living with his mother and her boyfriend. He was seriously injured in a car wreck, and he attempted to claim underinsured coverage from his mother's boyfriend's policy. The policy provided such coverage for the insured, his or her spouse, and members of the insured's family who are residents of the household. The policy specifically provided: "You, your, yourself means the person named on the Declarations page and includes the spouse if a resident of the same household. This also means a member of the family who is a resident of the household and includes a ward or foster child." *Id.* at 747, 25 P.3d at 452. The appellant claimed that he was a member of the insured's family. The Washington Court of Appeals held that he was not for three reasons. First, the court relied on a decision from the Washington Supreme Court, which held that although "family" can be used synonymously with the broader

term "household," the most common use of "family" implies a blood relationship. *Id.* (citing *Collins v. Northwest Cas. Co.*, 180 Wash. 347, 39 P.2d 986 (1935)).

Another reason given by the *Matthews* court was that if "family" was broad enough to encompass the insured's live-in girlfriend, then it would also encompass his spouse, and there would have been no need to specifically extend coverage to a spouse. Similarly, if a live-in girlfriend's son was included in the term "family," then any ward or foster child living with the insured would also be included; thus, the specific inclusion of those terms would have been superfluous.

Lastly, just like the trial court in this case, the *Matthews* court concluded that construing the term within the entire phrase, "family" plainly meant more than residency. The court explained:

> [I]f "family" means all those who live under one roof, Penn-America's requirements that an insured be both a *family member* and a *resident* merge. [The appellant] would be a family member because he lives with [the insured]. And he would be a resident of the same household because he lives with [the insured]. Thus, simple residency would establish coverage and "family" and "resident" would merge; the word "family" would have no independent meaning. But we construe the language of an insurance policy to give meaning to all the words of the policy if possible. This we can do only by assigning some meaning to "family" beyond residency. In short, "family" must further qualify the definition of "insured" beyond the qualification imposed by residency.

*Id.* at 749, 25 P.3d at 453 (citation omitted).

The holding in *Matthews* is instructive on the issue presented in this case. Although the dissent correctly points out the difference in the language of the two policies, I believe that such difference is one without distinction. Additionally, Sarah is correct in pointing out that the standard of review set out in *Matthews* is slightly different from ours. In Washington, the language of an insurance policy is viewed through the eyes of the average insurance purchaser. Be that as it may, the reasoning expounded by the Washington Court of Appeals is sound and consistent with our case law requiring us to view the language of a policy in its plain, ordinary, popular, and common usage.

Finally, I disagree with the dissent's conclusion that Sarah's definition of "family" as an economic unit does not merge into the phrase "residing in the same household." By way of example, Sarah explains that if a person rents out a room to a boarder, that boarder resides in the same household, but is not part of his landlord's economic unit. That example is not persuasive. "Household" is commonly and popularly understood as comprising an economic unit. A boarder may reside in one's house, but not in one's *household*. On the other hand, two students who decide to rent an apartment together and share living expenses would make up a household, but they would not be a family.

Here, Sarah and Raymond lived together and shared living expenses. Thus, they resided in the same household. They were not family, however, because they were not related to each other by blood or law. The trial court was correct in ruling that "family" has to mean something beyond mere residency in the same household; otherwise, the term is superfluous. The courts of this state are required to give meaning to every word in an insurance policy, if possible. The trial court's interpretation satisfies this requirement, and it must be affirmed. I therefore concur in the majority's decision.

ANNABELLE CLINTON IMBER, Justice, dissenting. This appeal involves the interpretation of the term "family" as it is used in a motor-vehicle insurance policy. The circuit court ruled that the term "family" is not ambiguous as used in the policy and the majority agrees. I must conclude that the term "family" as used in the policy is ambiguous. Therefore, I respectfully dissent.

The insurance policy at issue provides coverage to "any member of [the insured's] family residing in [the insured's] household." Thus, coverage is extended to those persons, other than the insured, who meet two qualifications. First, the person must be a member of the insured's "family." Second, the person must reside in the insured's household. In this case, it is undisputed that Sarah Smith resided in Raymond Smith's household on the date of the accident. Therefore, the question is whether Sarah Smith was also a member of Raymond Smith's family on that date.

The circuit court's ruling, as adopted by the majority, recognized the two prongs of the insurance coverage and concluded

that "to define ['family'] as requested by the plaintiff, would render the phrase 'in your household' synonymous with 'family.'" Such a conclusion, however, misconstrues Smith's argument below and on appeal. In addressing the issues raised by the parties' respective motions for summary judgment, Smith contended:

> "Residing in the household" is not synonymous with "family." The definition of family I use is an economic unity. Clearly someone can rent out a room to a boarder, that person "resides in the household" but that person is not an economic unit with their landlord."

Thus, as Smith framed the argument below, there is no merger of the two-prong requirement.[1]

The question then becomes whether the term "family" is ambiguous. Ambiguous terms within an insurance policy should be construed against the insurer. *Southern Farm Bureau Ins. Cas. Co. v. Williams*, 260 Ark. 659, 543 S.W.2d 467 (1976). The majority, relying on *Matthews v. Penn-America Ins. Co.*, 106 Wash. App. 745, 25 P.3d 451 (2001), states that "'family' has the common parlance as kin, by blood, marriage or adoption." *Matthews*, however, is not apposite.

In *Matthews*, the Washington Court of Appeals emphasized that the policy defined "family" to include a ward or foster child. *Matthews v. Penn-America Ins. Co.*, 106 Wash. App. 745, 25 P.3d 451 (2001). In addition, the policy stated that a spouse is insured if a resident of the same household. *Id.* The court went on to explain that if it were to adopt the broad definition proposed, then the words "ward" and "foster child" would simply repeat those persons already included in the broad definition of "family," and

---

[1] The concurrence also concludes that construing the term "family" to mean economic unit causes it to merge with the phrase "resides in the household" because the term "household" means an economic unit. As support for this conclusion, the concurrence draws a distinction between the words "house" and "household." Such a construction merely points out an ambiguity in the term "household." *See, e.g., Black's Law Dictionary* 744 (7th ed. 1999) ("**household,** *n.* **1.** A family living together. 2. A group of people who dwell under the same roof."); *Webster's Encyclopedic Unabridged Dictionary of the English Language* 688 (1989) ("**household,** n. **1.** the people of a house collectively; a family including its servants."). In Arkansas, ambiguous terms are construed against the insurer. *Southern Farm Bureau Ins. Cas. Co. v. Williams,* 260 Ark. 659, 543 S.W.2d 467 (1976). Thus, because the term "household" is susceptible to more than one interpretation, it should be construed in favor of Sarah Smith.

be meaningless. *Id.* In crafting its opinion, the Washington appellate court stated: "Thus, the specific references to spouse, ward, or foster child strongly point to the traditional family definition—those connected by blood or law." *Id.*

More importantly, another decision by the Washington Supreme Court, which the *Matthews* court also cited, recognized that the term "family" is inherently susceptible to more than one reasonable interpretation:

> The word 'family' conveys the notion of some relationship, *blood or otherwise.* In its most common use, the word implies father, mother, and children, immediate blood relatives; *but the word is also used to designate many other and extended relationships.*

*Collins v. Northwest Cas. Co.*, 180 Wash. 347, 352, 39 P.2d 986, 989 (1935) (emphasis added). The Washington Supreme Court concluded, as I do, that the term "family" is indefinite in its application such that it can be used to identify various relationships. *See also Black's Law Dictionary* 727-28 (4th ed. 1968) ("**Family.** The word is used to designate many relationships. [citing *Collins v. Northwest Cas. Co., supra.*] In broad or primary sense 'family' means: a collective body of any two persons living together in one house as their common home for the time; a collective body of persons, living together in one home, in a permanent and domestic character, under one head or management; a collective body of persons who live in one house and under one head or management."(citations omitted)).

Unlike the insurance policy in *Matthews, supra,* the policy at issue here has no qualifiers such as "spouse," "ward," or "foster child"; instead, the term "family" is unqualified and undefined. Moreover, a cardinal rule of insurance law in Arkansas is that:

> [P]olicies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. . . . An ambiguity exists when a provision is susceptible to more than one reasonable interpretation. If there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. . . .

*Phelps v. U.S. Life Credit Life Ins. Co.*, 336 Ark. 257, 261-62, 984 S.W.2d 425, 428 (1999) (quoting *Keller v. Safeco Ins. Co.*, 317 Ark. 308, 311, 877 S.W.2d 90, 92 (1994)).

Accordingly, I conclude that the term "family," as used in Southern Farm Bureau's insurance policy, is ambiguous; that is, the undefined term "family" is susceptible to more than one reasonable interpretation. As Southern Farm Bureau suggested in its brief, the interpretation of that term will depend on extrinsic evidence, and, therefore, presents a jury question. *Smith v. Prudential Prop. and Cas. Co.*, 340 Ark. 335, 10 S.W.3d 846 (2000). This case should be reversed and remanded for trial.

For the above-stated reasons, I respectfully dissent.