Willie NICHOLS *v.* FARMERS INSURANCE COMPANY

CA 03-663                                             128 S.W.3d 1

Court of Appeals of Arkansas
Division III
Opinion delivered November 5, 2003

*The Brad Hendricks Law Firm*, by: *Christopher R. Heil*, for appellant.

*Clevenger & Associates, PLLC*, by: *T. Scott Clevenger, Todd Wooten* and *Brian W. Ray*, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Willie Nichols, sought coverage under his wife's, Mary Ross's, automobile insurance policy concerning a collision between the 1988 Chevrolet Celebrity driven by appellant and an uninsured vehicle owned by the Black & White Cab Company. At the time of the collision, appellant and Mary Ross were separated and living in different households.

Appellee, Farmers Insurance Company, filed a motion for summary judgment, which was granted by the trial court. Appellant contends that the trial court erred in doing so. We agree, and therefore we reverse and remand for trial.

In reviewing summary-judgment cases, we determine whether the trial court's grant of summary judgment was appropriate based upon whether the evidence presented by the moving party left a material question of fact unanswered. *Beaver v. John Q. Hammons Hotels, Inc.*, 81 Ark. App. 413, 102 S.W.3d 903 (2003). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* Summary judgment is not proper where, although the actual facts are not in dispute, they may result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law. *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001). Moreover, where the meaning of a contract does not depend on disputed extrinsic evidence, the construction and legal effect of the policy are questions of law. *Tunnel v. Progressive Northern Ins. Co.*, 80 Ark. App. 215, 95 S.W.3d 1 (2003). Here, the primary issue does not involve a question of fact, but rather the construction and legal effect of the terms of the insurance policy, *i.e.*, whether appellee was entitled to judgment *as a matter of law.* We conclude that it was not.

The pertinent portions of the insurance policy provide:

AGREEMENT

We agree with you, in return for your premium payment, to insure you subject to all the terms of this policy. We will insure you for the coverages and the limits of liability shown in the Declarations of this policy.

DEFINITIONS

Throughout this policy, "you" and "your" means the "named insured" shown in the Declarations and spouse if a resident of the same household. "We," "us" and "our" mean the Company

named in the Declarations which provides this insurance. In addition, certain words appear in bold type. They are defined as follows:

. . . .

**Family member** means a person related to you by blood, marriage or adoption who is a resident of your household.

. . . .

## PART II B UNINSURED MOTORISTS

### Coverage C B Uninsured Motorist Coverage

### (Including Underinsured Motorist Coverage)

We will pay all sums which an insured person is legally entitled to recover as **damages** from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured person**. The **bodily injury** must be caused by **accident** and arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Determination as to whether an **insured person** is legally entitled to recover **damages** or the amount of **damages** shall be made by agreement between the **insured person** and us. If no agreement is reached, the decision will be made by arbitration.

### Additional Definitions Used In This Part Only

As used in this part:

1. **Insured person** means:

    a. You or a **family member**.

    b. Any other person while occupying your **insured car**.

    c. Any person for **damages** that person is entitled to recover because of **bodily injury** to you, **a family member** or another occupant of **your insured car**.

But, no person shall be considered an **insured person** if the person uses a vehicle without having sufficient reason to believe that the use is with permission of the owner.

. . . .

It is undisputed that Mary Ross is the named insured on the policy, that she and appellant were married at the time of the collision, and that they were not living together. In her deposition, Ms. Ross also testified that the Celebrity, which was the car driven by appellant at the time of the collision, was a vehicle that she kept available for her daughter and for appellant. She stated that appellant took the 1988 Celebrity for his personal use when they separated.

Appellant's contention on appeal that the trial court erred in granting summary judgment is divided into two subparts: (1) that the trial court erred in holding that he was not covered under the policy because if he did not meet the policy's definition of "family member," due to the fact that he was not residing with his spouse, then he assumed the status of an "other person" occupying the vehicle with permission; (2) alternatively, that the trial court erred in holding that the terms of the policy were not ambiguous as a matter of law. We will address the two subparts together.

■■ Our supreme court explained in *Smith v. Southern Farm Bureau Casualty Insurance Co.*, 353 Ark. 188, 114 S.W.3d 205 (2003), that ambiguous terms within an insurance policy should be construed against the insurer, but that the terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk that is plainly excluded and for which it has not been paid. Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation. *Continental Cas. Co. v. Davidson,* 250 Ark. 35, 463 S.W.2d 652 (1971). Ordinarily, the question of whether the language of an insurance policy is ambiguous is one of law to be resolved by the court. *Elam v. First Unum Life Ins. Co.,* 346 Ark. 291, 57 S.W.3d 165 (2001). Where, however, parol evidence has been admitted to explain the meaning of the language, the determination becomes one of fact for the jury to determine. *Id.*

■ Our case law demonstrates that where there is a dispute as to the meaning of a contract term or provision, be it an insurance

or other contract, the trial court must initially perform the role of gatekeeper, determining first whether the dispute may be resolved by looking solely to the contract or whether the parties rely on disputed extrinsic evidence to support their proposed interpretation. *Id.* The construction and legal effect of written contracts are matters to be determined by the court, not by the jury, except when the meaning of the language depends upon disputed extrinsic evidence. *Id.* Thus, where the issue of ambiguity may be resolved by reviewing the language of the contract itself, it is the trial court's duty to make such a determination as a matter of law. *Id.* On the other hand, where the parties go beyond the contract and submit disputed extrinsic evidence to support their proffered definitions of the term, this is a question of fact for the jury. *Id.*

Insurance contracts are to be construed strictly against the insurer, but where language is unambiguous, and only one reasonable interpretation is possible, it is the duty of the courts to give effect to the plain wording of the policy. *Smith, supra.* The language of an insurance policy is to be construed in its plain, ordinary, and popular sense. *Id.* The fact that a term is not defined in a policy does not automatically render it ambiguous. *See id.* As a guideline of contract interpretation, the different clauses of a contract must be read together and the contract should be construed so that all parts harmonize. *Id.* Construction that neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions. *Id.*

Appellant submits that the question of a non-resident family member's status as "any other person" under this type of policy language has not been litigated in Arkansas. We agree. Moreover, neither party has provided us with citation or authority from other jurisdictions concerning how similar policy language has been construed in similar situations.

Here, we have set out the pertinent policy language in its entirety. However, the heart of this case involves appellant's claim based upon the following specific policy language:

1. **Insured person** means:

a. You or a **family member**.

b. *Any other person while occupying your* **insured car**.

c. Any person for **damages** that person is entitled to recover because of **bodily injury** to you, **a family member** or another occupant of **your insured car**.

(Italics added.) Appellant concedes that he does not satisfy the policy definition of family member due to the fact that he was no longer a resident of Ms. Ross's household at the time of the collision. However, he argues that the policy does not specifically address the status of family members who do not reside in the household, and that if appellee intended to entirely exclude nonresident family members from coverage, it should have said so. He maintains that a reasonable interpretation of the policy in light of his status as a nonresident family member is that he is covered as "any other person."

Appellee counters by arguing that finding coverage for appellant under the "any other person" language would neutralize the "family member" coverage because appellant's interpretation of "any other person" would thereby define an insured as any person occupying an insured person's car with the insured's permission. Appellee further argues that the "any other person" coverage is intended to provide temporary insurance to individuals such as a neighbor, *i.e.*, that "[i]t is to provide coverage in those infrequent circumstances when an insured vehicle is temporarily borrowed for short and intermittent periods of time. It is not for family members, such as Mr. Nichols, who live ·in a separate residence . . . for a period of at least one year that routinely use the insured vehicle."

The problem with appellee's argument is that the policy could have spelled that out, but it did not. Appellee's position is based upon the policy that it wishes it had written, not the one that it did write. The policy does not define "any other person," much less define it to encompass only temporary, infrequent users. We find that the policy language is ambiguous because it is fairly susceptible to more than one reasonable interpretation. That is, we find both parties' interpretations reasonable under the policy language. Moreover, adopting either interpretation will neutralize some portion of the policy. That is, appellant's interpretation tends to neutralize "family member" coverage; however, appellee's interpretation also tends to neutralize the "any other person" language. We conclude, therefore, that the policy language is ambiguous, that it must be construed against its drafter,

appellee, that its meaning does not depend upon disputed extrinsic evidence, and that as a matter of law the language developed by the appellee provides coverage for appellant under the circumstances presented by this case.

Reversed and remanded.

NEAL and ROAF, JJ., agree.