Bobby CURLEY *v.* OLD RELIABLE CASUALTY COMPANY

CA 03-129 155 S.W.3d 711

Court of Appeals of Arkansas
Division IV
Opinion delivered March 24, 2004

*Robert L. Depper, Jr.*, for appellant.

*Howard Mowery*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Bobby Curley appeals the entry of summary judgment against him on his claim on a casualty insurance policy covering appellant's home in El Dorado, Arkansas, issued by appellee Old Reliable Casualty Company. It is undisputed that on January 29, 2000, appellant's home was covered by the policy, and there was a significant snow storm in El Dorado. On the night of January 29, the walls of appellant's house buckled outward, and the roof slowly collapsed. Appellant filed a claim on the policy asserting that appellee owed the $30,000 limits of the coverage for his damaged house and contents. Appellee denied the claim; appellant filed suit; appellee filed for summary judgment; and the trial court granted judgment as a matter of law to appellee. The trial judge concluded that the relevant policy provision covering damage due to explosion was not ambiguous, and that the damage to appellant's house following the snow storm did not fit the definition of "explosion" under the policy. This appeal resulted. The sole issue on appeal is whether summary judgment was appropriate. We hold that it was and affirm the trial court's ruling.

■■ We have ceased referring to summary judgment as a drastic remedy. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000). We now regard it simply as one of the tools in a trial court's efficiency arsenal. *Id.* The moving party always bears the burden of sustaining a motion for summary judgment. *Renfro v. Adkins*, 323 Ark. 288, 295, 914 S.W.2d 306, 309-10 (1996). All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. *Id.* Once the moving party makes a prima facie showing that it is entitled to summary judgment, the opponent must meet proof with proof by showing a material issue of fact. *Mount Olive Water Ass'n v. City of Fayetteville*, 313 Ark. 606, 856 S.W.2d 864 (1993). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56 (2003); *Robert D. Holloway, Inc. v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 453, 966 S.W.2d 241, 243 (1998) (citing *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

 In reviewing an insurance policy, when the terms of the policy are clear, the language in the policy controls. *Columbia Mut. Ins. Co. v. Home Mut. Fire Ins. Co.*, 74 Ark. App. 166, 47 S.W.3d 909 (2001). If a policy provision is unambiguous, and only one reasonable interpretation is possible, the court will give effect to the plain language of the policy without resorting to rules of construction; it is the duty of the courts to give effect to the plain wording of the policy. *Smith v. Southern Farm Bureau Cas. Ins. Co.*, 353 Ark. 188, 114 S.W.3d 205 (2003). A policy will not be interpreted to bind the insurer to a risk that it plainly excluded and for which it was not paid. *First Financial Ins. Co. v. National Indem. Co.*, 49 Ark. App. 115, 898 S.W.2d 63 (1995). If, however, the policy language is ambiguous, and thus susceptible to more than one reasonable interpretation, the policy will be construed liberally in favor of the insured and strictly against the insurer. *See Smith v. Southern Farm Bureau, supra.* The language of an insurance policy is to be construed in its plain, ordinary, and popular sense. *Id.* The fact that a term is not defined in a policy does not automatically render it ambiguous. *Id.* As a guideline of contract interpretation, the different clauses of a contract must be read together and the contract should be construed so that all parts harmonize. *Id.*

 The issue presented to the trial judge was whether the policy provision was ambiguous. Language is ambiguous if there is doubt or uncertainty as to its meaning, and it is fairly susceptible to more than one reasonable interpretation. *Gawrieh v. Scottsdale Ins. Co.*, 83 Ark. App. 59, 117 S.W.3d 634 (2003); *Continental Cas. Co. v. Davidson*, 250 Ark. 35, 463 S.W.2d 652 (1971). Ordinarily, the question of whether the language of an insurance policy is ambiguous is one of law to be resolved by the court. *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001). Where there is a dispute as to the meaning of a contract term or provision, the trial court must initially perform the role of gatekeeper, determining first whether the dispute may be resolved by looking solely to the contract or whether the parties rely on disputed extrinsic evidence to support their proposed interpretation. *Nichols v. Farmers Ins. Co.*, 83 Ark. App. 324, 128 S.W.3d 1 (2003). The construction and legal effect of written contracts are matters to be determined by the court, not by the jury, except when the meaning of the language depends upon disputed extrinsic evidence. *Id.*

With these rules of law and the standard of review in mind, we examine the undisputed facts. In late January 2000, Arkansas experienced an unusually heavy snow and ice storm. The storm affected El Dorado, depositing approximately eighteen inches of snow on the area. Appellant and his wife were at home in El Dorado on the night of January 29, 2000, and appellant claimed that he could hear loud thumping noises at around 10:00 p.m. Thereafter, appellant observed the walls buckling outward. Appellant and his wife left the residence for the night. Appellant said that slowly, over time, the roof caved inward. A claim was filed.

The claims adjuster denied the claim because he determined that the policy did not cover damage due to accumulation of snow. Appellant filed a complaint in Union County Circuit Court for the policy limits, the statutory penalty, interest, and attorney fees. Appellant and his wife were deposed, and in their testimonies, they claimed that the weight of the snow and ice was more than the roof could bear. Appellant believed that the damages to the house qualified as a covered "explosion." Appellant alternatively claimed that his damages were caused by a covered "windstorm" or "hail" as described in the policy, but those alternative bases to claim coverage were eventually abandoned.

The listed perils covered under the policy were (1) fire, lightning, or power surges caused by lightning, (2) explosion, (3) windstorm, hurricane, and hail, (4) riot or civil commotion, (5) aircraft, (6) vehicles, (7) smoke, and (8) burglary and theft. Some of these listed perils had further qualifications and exclusions not relevant to the proceedings on appeal. At issue here was the coverage for direct physical loss caused by explosion. The policy read in relevant part:

> Explosion. This does not include loss by explosion of steam boilers, or steam pipes, if owned or leased by you or operated under your control.
>
> Explosion does not mean:
>
> a. electrical arcing;
>
> b. breakage of water pipes; or
>
> c. breakage or operation of pressure relief devices.

Appellee filed a motion for summary judgment asserting that this provision was not ambiguous and stating that the term "explosion"

was commonly understood to mean a rapid, sudden, and violent expansion or relinquishment of energy, causing rupture and a loud noise. Appellee cited to cases from Indiana, New York, the Fifth Circuit Court of Appeals, and to *Couch on Insurance*. Appellant resisted the motion, attaching photographs of his residence showing the concave roof and outwardly bowed external walls and filing an affidavit calling the incident an outward explosion.

The trial judge filed an order concluding that the word "explosion" was not ambiguous and that:

> Explosion is normally understood to involve combustion, gas, energy, and noise — the rapid combustion of material, the sudden expansion of resulting gases, the release of substantial force or energy, and a blast-like noise. A partial collapse of a building from the gradual accumulation of ice or snow on the roof does not fall within the common understanding of "explosion."

There were no issues of fact to be resolved, and the trial judge declared that the policy excluded coverage for the loss sustained by appellant. We agree with this assessment.

Appellant asserts on appeal that there are no Arkansas cases or statutes defining "explosion." Appellant candidly points out that *Webster's Dictionary* defines "explosion" in general as a sudden and spectacular expansion, generally accompanied by a loud sound. Appellant also cites to AM. JUR.2d on the topic of regulation and control of explosives, noting that "explosion" in that context is difficult to set a precise definition. Appellant then states that because the insurance contract does not define the term "explosion," and because there is more than one definition of the term, then there is ambiguity.

Appellee sets forth the same out-of-state cases and federal citations that were presented to the trial judge on this issue. Appellee further notes that appellant's house did not explode; the roof collapsed. *Webster's New Collegiate Dictionary* defines "collapse" in part as to "fall into a jumbled or flattened mass through the force of external pressure....to cave or fall in or give way."

We review questions of law de novo, as the trial court is in no better position than we are to answer a question of law. *See Britton v. Gault*, 80 Ark. App. 311, 94 S.W.3d 926 (2003); *Jones v. Abraham*, 67 Ark. App. 304, 999 S.W.2d 698 (1999). In our de novo review, we conclude that the trial judge was correct when

he found that there was no ambiguity in the policy. We need not resort to sister states' case law on this subject. There were no disputed facts. The question was simply whether these facts fit the policy's coverage, giving the contract terms their plain, ordinary and common usage. The harm visited upon appellant's house did not fit within the common understanding of an explosion. Appellee was entitled to judgment as a matter of law. *See also Alberson v. Automobile Club Interinsurance Exch.*, 71 Ark. App. 162, 27 S.W.3d 447 (2000).

Affirmed.

PITTMAN and BIRD, JJ., agree.