2010 Ark. App. 728

**FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, Inc., Appellant**

v.

**Danny W. SELLS, Appellee.**

**No. CA 09–1256.**

Court of Appeals of Arkansas.

Nov. 3, 2010.

Richard Nathaniel Watts, Staci Dumas Carson, Watts, Donovan & Tilley, P.A., Little Rock, for appellant.

12. *Dillard v. Wade,* 74 Ark.App. 38, 45 S.W.3d 848 (2001).

Julia L. Busfield, Busfield & Dugger, P.A., Little Rock, for appellee.

JOSEPHINE LINKER HART, Judge.

Appellant, Farm Bureau Mutual Insurance Company of Arkansas, Inc., filed a complaint for declaratory judgment seeking a declaration that it had no duty to indemnify appellee, Danny W. Sells, under an insurance policy. The circuit court, after finding that a policy exclusion was ambiguous, granted summary judgment to appellee. On appeal, we hold that because the parties submitted disputed extrinsic evidence on the meaning of the policy exclusion, we are required to reverse and remand the case for findings of fact.

As found by the court, on September 6, 2007, a fire destroyed a home owned by appellee. Appellant, who had issued an insurance policy to appellee, filed a complaint for declaratory judgment, seeking a declaration that it had no duty to indemnify appellee. In its complaint, appellant asserted that appellee operated his computer repair business from his dwelling. In pertinent part, the insurance policy provided that it covered "the **dwelling** described on **your Declaration**," and that "[t]he **dwelling** must be used principally as a private residence." Further, "[d]welling" was defined in the contract as "the building ... principally occupied as a home." The policy's exclusion provided in part that "[u]nless specifically described on **your** latest **Declaration,** or provided by endorsement, **we** do not cover ... any building used to any extent for **business** purposes." The policy defined the term "[b]usiness" as "a trade, profession or occupation ... whether full or part time." Appellant argued that because appellee used his dwelling for business purposes and because the policy excluded coverage for any building used to any extent for business purposes, appellee was not enti-

tled to coverage for his dwelling under the policy.

Appellee answered and counterclaimed, seeking damages for breach of contract. Appellee contended that the policy covered the loss of the dwelling. Appellee further moved for summary judgment, accompanying his motion with several exhibits, including excerpts from depositions. Appellee asserted that he used the dwelling principally as a private residence. Appellee relied on excerpts from depositions to make his point, asserting that the depositions showed that while he might have a home office, he did most of his work outside of the home.

Appellant filed its own motion for summary judgment, and in doing so, incorporated the exhibits attached to appellee's motion and attached additional exhibits to its own motion. In its argument, appellant asserted that appellee was "conducting his business from his home and doing so with such regularity and frequency that his coverage should be abrogated by the exclusion." Appellant acknowledged, however, that it would be "absurd" and "patently unreasonable" to suggest that bringing work home at night would transform a home into a business.

The circuit court granted summary judgment to appellee. The court found that the phrase "use[d] to any extent" found in the exclusion, "**we** do not cover ... any building used to any extent for **business** purposes," was ambiguous as a matter of law and therefore unenforceable. The court granted summary judgment in favor of appellee, and appellant filed this appeal.

As is apparent from the parties' briefs, the parties dispute the nature of the conduct engaged in by appellee at his dwelling. Appellant proposes that appellee used the dwelling "to any extent for **business** purposes," and it asserts that its posi-

tion is fully supported by the accompanying depositions attached to the motion for summary judgment. Appellee, on the other hand, asserts that the dwelling was used as a residence, and he supports his position with other deposition excerpts.

■ Ordinarily, the question of whether the language of an insurance policy is ambiguous is one of law to be resolved by the court. *McGrew v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc.*, 371 Ark. 567, 268 S.W.3d 890 (2007). Where, however, parole evidence has been admitted to explain the meaning of the language, the determination becomes one of fact for a factfinder to determine. *Id.* Where there is a dispute as to the meaning of an insurance contract term or provision, the circuit court must act as a gatekeeper, determining first whether the dispute may be resolved by looking solely to the contract or whether the parties rely on disputed extrinsic evidence to support their proposed interpretation. *Id.* Thus, where the issue of ambiguity may be resolved by reviewing the language of the contract itself, it is the circuit court's duty to make such determination as a matter of law. *Id.* However, when the parties go beyond the contract and submit disputed extrinsic evidence to support their proffered definitions of the term, this is a question of fact for the factfinder. *Id.* In the latter situation, summary judgment is not proper. *Id.*

In *McGrew*—a case upon which both parties rely—the Arkansas Supreme Court was faced with a situation similar to what we have here. There, the court was asked to determine what was meant by a phrase "full-time occupation" found in an insurance policy exclusion. In addressing the matter in circuit court, the parties offered evidence extrinsic to the insurance policy in support of varying definitions of the phrase. After reciting the above standard

of review, the Arkansas Supreme Court concluded that given the extrinsic evidence presented for the purpose of determining the issue, the circuit court erred when it resolved the issue as a matter of law. Accordingly, it reversed and remanded for a jury to determine the question of fact.

Here, the parties submitted extrinsic evidence to support their respective positions on what was meant by the use of the dwelling "to any extent for **business** purposes." Appellee asserted that the dwelling was used as a residence, and appellant asserted that appellee's use of the dwelling fell within the stated exclusion of use "to any extent for **business** purposes." But appellant acknowledges that a home is not transformed into a business by bringing work home. The parties presented extrinsic evidence regarding what activities appellee performed at the dwelling, and both argued their respective positions regarding whether such use of the dwelling would fall within the meaning of the exclusion. Because the parties submitted extrinsic evidence, the question became an issue of fact for a fact-finder. Accordingly, summary judgment was improper, and we must reverse and remand for a fact-finder to determine a question of fact.

Reversed and remanded.

GRUBER and BAKER, JJ., agree.

PITTMAN, J., concurs.

VAUGHT, C.J., and HENRY, J., dissent.

JOHN MAUZY PITTMAN, Judge, concurring.

I join in the majority opinion in this case. I write separately only to emphasize that an ambiguity in an insurance policy's exclusion clause does not necessarily render that exclusion void. Although ambiguous terms within an insurance policy are

construed against the insurer, the terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk that is plainly excluded and for which it was not paid. *Smith v. Southern Farm Bureau Casualty Insurance Co.*, 353 Ark. 188, 114 S.W.3d 205 (2003). The court's task when faced with an ambiguity is to determine the intention of the parties, often expressed as their "reasonable expectation" of what would be covered under the policy. Here appellee could not, based on the language on the policy, reasonably expect that a fire loss would be covered under a policy excluding coverage for "any building used to any extent for business purposes" when the fire, which most likely was started by an appliance commonly used in electronics repair, began in a room in which appellee admittedly conducts his electronics business and for which he claims a business exemption on his income taxes. No reasonable construction of "any business to any extent" would provide coverage for this loss.

Nor do I agree with the dissent's assertion that the policy declaration and the exclusion cannot be reconciled. The purpose of an exclusion is to narrow coverage; to do so does not make the policy illusory unless there is no coverage under any reasonably expected set of circumstances. *See St. Mary's Area Water Authority v. St. Paul Fire & Marine Insurance Co.*, 472 F.Supp.2d 630 (M.D.Pa.2007). Furthermore, it is a fundamental rule of contract construction that the different clauses of a contract must be read together and that the contract should be construed so that all parts harmonize. *Curley v. Old Reliable Casualty Co.*, 85 Ark. App. 395, 155 S.W.3d 711 (2004). A construction that neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions. *Smith v. Southern Farm Bureau Casualty Insurance Co., supra.* With regard to the policy here at issue, it is apparent that a building may be used principally as a private residence but still be partially employed for purposes other than business, *e.g.*, where a portion of the dwelling is devoted to storage of goods belonging to family members no longer living in the home, or to club meetings, or any of the other myriad uses that people find for available space.

LARRY D. VAUGHT, Chief Judge, dissenting.

The issue in this case is whether the policy covered the Sells's house when it burned to the ground. The trial court found the policy to be ambiguous and construed it against the insurer, holding that coverage was proper. I would affirm. The policy declaration, in defining coverage for the dwelling, states that "the dwelling must be used principally as a private residence." Dwelling is defined as "the building ... principally occupied as a home." State Farm admits that the dwelling was principally used as a private residence.

The exclusion states that "we do not cover ... [a]ny building used to any extent for business purposes[.]" Sells admitted that he brought computers home and worked on them in what he called his "part time office" and that he applied for and received an IRS exemption for a home office. Farm Bureau admitted that it did not consider incidental use of a building to be included in the exclusion. The majority reverses holding that the trial court relied on the definition of "used to any extent for business purposes" and, because extrinsic evidence was presented on that issue, the language of *McGrew v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc.*, 371 Ark. 567, 268 S.W.3d 890 (2007), required sub-

mission of the question to the jury, and summary judgment was not appropriate.

The trial court only found the term "to any extent" to be ambiguous and did not rely on any extrinsic evidence and made no findings of fact in so holding. It is obvious on its face that "used principally as a private residence" allows for some use other than as a private residence. Likewise, "used for any extent [for business purposes]" allows no use for business. Based on the admissions of both parties, the definition of "for business purposes" is irrelevant |₈and the trial judge made no findings on that. However "for business purposes" is defined, the policy declaration and the exclusion cannot be reconciled, and the policy is patently ambiguous, and the reasoning in *McGrew* does not apply. I, therefore dissent, and would affirm the court's finding in favor of Sells.

Judge HENRY joins in this dissent.