# NO. 12-17-00117-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: PHILADELPHIA INDEMNITY* | § | |
| *INSURANCE COMPANY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION

Philadelphia Indemnity Insurance Company seeks mandamus relief from the trial court's order denying its motion to transfer venue.[1] We conditionally grant the writ.

### BACKGROUND

In 2014, Red Dot Buildings and Rigney Construction and Development, L.L.C. entered into a subcontract related to the construction of a school in Brooks County, Texas. Red Dot secured a payment bond from Philadelphia for the project in accordance with Chapter 2253 of the Texas Government Code.

When a dispute subsequently arose between Red Dot and Rigney, Red Dot sued for breach of contract. Rigney moved to transfer venue to Hidalgo County. The trial court denied the motion. Red Dot also made a payment bond claim with Philadelphia. In its first amended petition, Red Dot brought Philadelphia into the lawsuit under Chapter 2253 of the Texas Government Code. Philadelphia filed a motion to transfer venue with its original answer, asserting that the case must be transferred to Brooks County under section 2253.077 of the government code. Citing that venue had been determined before Philadelphia was a party, the trial court denied Philadelphia's motion to transfer. This original proceeding followed.

---

[1] The respondent is the Honorable Dan Moore, Judge of the 173rd Judicial District, Henderson County, Texas. The underlying proceeding is trial court cause number CV15-0009-173, styled ***Red Dot Buildings Sys., Inc. vs. Rigney Constr. & Dev. LLC & Philadelphia Indem. Ins. Co***.

## AVAILABILITY OF MANDAMUS

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion by failing to analyze or apply the law correctly. *Id*. As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *Id*. at 837.

In this case, Philadelphia seeks the enforcement of section 2253.077 of the Texas Government Code, which is mandatory in nature. *See Poth Corp. v. Marble Falls Indep. Sch. Dist.*, 673 S.W.2d 648, 651 (Tex. App.—Austin 1984, no writ). A party may petition for a writ of mandamus with an appellate court to enforce mandatory venue provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2017); *see also In re Hannah*, 431 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (per curiam). A party seeking to enforce a mandatory venue provision is not required to prove the lack of an adequate appellate remedy, but is required only to show that the trial court abused its discretion. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999).

## ABUSE OF DISCRETION

In its only issue, Philadelphia contends that the trial court abused its discretion when it denied the motion to transfer venue. Philadelphia argues that the transfer to Brooks County is mandatory under section 2253.077 of the government code.[2]

Rule 87 of the Texas Rules of Civil Procedure governs motions to transfer venue. *See* TEX. R. CIV. P. 87. It provides that if venue has been sustained against a motion to transfer, no further motions shall be considered unless the new motion is based on a mandatory venue provision. TEX. R. CIV. P. 87(5). Therefore, the general rule is that only one venue determination may be made in a single proceeding in the same trial court. *Van Es v. Frazier*, 230 S.W.3d 770, 775 (Tex. App.—Waco 2007, pet. denied); *see also Fincher v. Wright,* 141 S.W.3d 255, 263–64 (Tex. App.—Fort Worth 2004, no pet.); *In re Shell Oil Co.,* 128 S.W.3d

---

[2] Philadelphia also argues that there is an applicable contractual provision that mandates venue in Brooks County. Given our disposition of this proceeding under section 2253.077, we need not address this argument. *See* TEX. R. APP. P. 47.1.

694, 696 (Tex. App.—Beaumont 2004, orig. proceeding); *Marathon Corp. v. Pitzner,* 55 S.W.3d 114, 137 n.6 (Tex. App.—Corpus Christi 2001), *rev'd on other grounds,* 106 S.W.3d 724 (Tex. 2003) (per curiam). In addition, a subsequent motion to transfer venue asserting a claim of mandatory venue is not permitted unless that claim was not available to the original movant. *See* TEX. R. CIV. P. 87(5); *Frazier*, 230 S.W.3d at 775.

In this case, the trial court denied Rigney's motion to transfer venue to Hidalgo County before Philadelphia was a party to the case. Normally, this would preclude Philadelphia from pursuing a transfer. *See* TEX. R. CIV. P. 87(5). However, Philadelphia's motion is based on a claim of mandatory venue under section 2253.077 of the government code. Chapter 2253 concerns payment bonds for public works projects and allows a payment bond beneficiary to sue the surety on a payment bond if a claim goes unpaid. *See* TEX. GOV'T CODE ANN. §§ 2253.021 (West 2016), 2253.073 (West 2016). Section 2253.077 expressly requires that "a suit under this chapter shall be brought in a court in a county in which any part of the public work is located." *Id*. § 2253.077 (West 2016); *see Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996) ("Legislature's use of the word 'shall' in a statute generally indicates the mandatory character of the provision[]"); *see also Poth Corp.*, 673 S.W.2d at 651; TEX. GOV'T CODE ANN. § 311.016(2) (West 2013) (stating "shall" imposes a duty).

Red Dot did not assert a cause of action under Chapter 2253 against Rigney. Therefore, Rigney could not have relied on the mandatory venue provision of section 2253.077. *See* TEX. GOV'T CODE ANN. § 2253.077. Red Dot did, however, assert a claim for payment under the bond against Philadelphia pursuant to Chapter 2253. Accordingly, while a claim of venue under section 2253.077 was not available to Rigney, the claim was available to Philadelphia. *See* TEX. R. CIV. P. 87(5).

Based on the record, it is undisputed that the project at issue is located in Brooks County, Texas and that Red Dot's suit against Philadelphia is brought pursuant to Chapter 2253. Because section 2253.077 mandates that a suit under Chapter 2253 shall be brought in a court in a county in which any part of the public work is located, venue is mandatory in Brooks County. *See* TEX. GOV'T CODE ANN. § 2253.077; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.016 (West 2017) ("An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute[]"). For this reason, the trial court abused its discretion when it denied Philadelphia's motion to transfer venue. *See Walker*, 827 S.W.2d at 840. Accordingly,

Philadelphia has established its entitlement to mandamus relief. *See **In re Prudential Ins. Co. of Am.***, 148 S.W.3d at 135–36; *see also **In re Mo. Pac. R.R. Co.***, 998 S.W.2d at 216.

## CONCLUSION

Based upon our review of the record and the foregoing analysis, we conclude the trial court should have granted Philadelphia's motion to transfer venue to Brooks County under section 2253.077 of the Texas Government Code. Accordingly, we ***conditionally grant*** Philadelphia's petition for writ of mandamus. We direct the trial court to vacate its April 10, 2017 order denying Philadelphia's motion to transfer, and in its stead, to issue an order granting Philadelphia's motion to transfer venue to Brooks County, Texas. We trust the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so ***within fifteen days of the date of the opinion and order***. The trial court shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance.

**BRIAN HOYLE**
Justice

Opinion delivered May 24, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**MAY 24, 2017**

**NO. 12-17-00117-CV**

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**
Relator
V.
**HON. DAN MOORE,**
Respondent

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CV15-0009-173)

ON THIS DAY came to be heard the petition for writ of mandamus filed by **PHILADELPHIA INDEMNITY INSURANCE COMPANY**, who is the relator in Cause No. CV15-0009-173, pending on the docket of the 173rd Judicial District Court of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on April 12, 2017, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, ***conditionally granted***.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his order of April 10, 2017, denying Philadelphia's motion to transfer, and in its stead, to issue an order granting Philadelphia's motion to transfer venue to Brooks County, Texas; the writ will not issue unless the **HONORABLE DAN MOORE** fails to comply with this Court order within fifteen (15) days from the date of this order.

It is further ORDERED that **RED DOT BUILDINGS**, real party in interest, pay all costs incurred by reason of this proceeding.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*