Cite as 2025 Ark. App. 218

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-765

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE CO. <br><br> APPELLANT <br><br> V. <br><br> NWA RESTORE-IT, INC. <br> APPELLEE | Opinion Delivered April 9, 2025 <br><br> APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-21-549] <br><br> HONORABLE JOHN R. SCOTT, JUDGE <br><br> AFFIRMED |

## MIKE MURPHY, Judge

This appeal arises from an order entered by the Benton County Circuit Court on August 1, 2023, whereby the court granted NWA Restore-It, Inc.'s ("NWA's"), motion for judgment on the pleadings, ruling that Nationwide Mutual Insurance Co. ("Nationwide") must provide a defense and indemnification to NWA for the underlying tort claim styled as *Steven Hattabaugh and Amy Woods v. NWA*, 04CV-21-549. Nationwide now appeals from the judgment, arguing that the trial court erred when it failed to determine that exclusions in the insurance policy precluded coverage for the completed installation of the flooring at issue. We affirm.

NWA contracted with homeowner, Steven Hattabaugh, to install replacement flooring on January 2, 2019, following a water-damage event in his home in November 2018.

NWA and L&A Flooring ("L&A") previously entered into a subcontractor agreement. The floor was installed by L&A in January 2019. Roughly six months later, the floor began to experience rippling and cracking. In September 2020, L&A was dispatched to the home to attempt repairs, which were unsuccessful. The homeowner subsequently filed suit against NWA in March 2021 claiming damages to the flooring due to improper installation.

L&A had a commercial general liability policy ("the Policy") with Nationwide, and NWA was listed as a named insured. After Nationwide denied NWA's claim for defense and indemnity under the Policy, Nationwide was joined in the underlying action by way of NWA's second amended third-party complaint filed on March 24, 2022. The third-party complaint asserted multiple counts: a breach-of-contract claim against L&A, common-law indemnity against L&A, direct liability of Cinthia Moreno, and declaratory relief against Nationwide. Concerning Nationwide specifically, NWA contended it is entitled to a judgment declaring that Nationwide owes NWA a duty to defend and indemnify in relation to the claims and alleged damages as a result of the underlying tort.

Nationwide filed an answer denying coverage on the basis of exclusions in the Policy and subsequently moved to strike or, in the alternative, to sever the declaratory-judgment action from the underlying tort action. The court granted the motion to sever.

NWA then moved for judgment on the pleadings. NWA argued the policy language is ambiguous and should be viewed favorably to it as the insured. Nationwide argued that the policy language is clear and unambiguous that coverage is precluded for property damage once the work at issue has been completed or put to its intended uses. The court granted

NWA's motion for judgment on the pleadings, relying on the plain language of the Policy and Arkansas Code Annotated § 23-79-155 (Repl. 2014). Nationwide appealed.

On appeal, Nationwide argues that the court abused its discretion in determining that it was liable for both defense and indemnity.[1]

Arkansas follows a three-step analysis to evaluate coverage in commercial general liability policies.

> First, we examine the facts of the insured's claim to determine whether the policy's insuring agreement makes an initial grant of coverage. If it is clear that the policy was not intended to cover the claim asserted, the analysis ends there. If the claim triggers the initial grant of coverage in the insuring agreement, we next examine the various exclusions to see whether any of them preclude coverage of the present claim. . . . Exclusions sometimes have exceptions; if a particular exclusion applies, we then look to see whether any exception to that exclusion reinstates coverage.

*Murphy Oil Corp. v. Liberty Mut. Fire Ins. Co.*, 955 F.3d 1110, 1113–14 (8th Cir. 2020) (quoting *Columbia Ins. Grp., Inc. v. Cenark Project Mgmt. Servs., Inc.*, 2016 Ark. 185, at 6, 491 S.W.3d 135, 138–39).

Nationwide contends it is undisputed that faulty workmanship resulted in damage to the flooring; however, it claims that the exclusions contained in the additional insured endorsement preclude coverage for the underlying claims. Specifically, they rely on the "completed work" exclusion or the "intended use" exclusion to avoid coverage. Concerning those exclusion, the policy provides:

> **A. Section II – Who Is An Insured** is amended to include as an additional insure the person(s) or organization(s) shown in the Schedule, but only with respect to

---

[1]We disagree with NWA's contention that Nationwide has not appealed from a final order.

liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

. . . .

**B.** With respect to the insurance afforded to these additional insured, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

The Policy's definitions of "property damage" and "occurrence," which are unaltered by the endorsement excerpted above, are as follows:

**13.** "Occurrence" means an accident. Including continuous or repeated exposure substantially the same general harmful conditions.
. . . .

**17.** "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

4

By way of Arkansas Code Annotated section 23-79-155, the Policy's definition of "occurrence" is modified to contain a definition of occurrence that includes the following:

(1) Accidents, including continuous or repeated exposure to substantially the same general harmful conditions; and

(2) Property damage or bodily injury resulting from faulty workmanship.

The legislative history of Act 604 of 2011, which is codified at Arkansas Code Annotated section 23-79-155, reveals that the specific legislative intent of the act was "to allow an insurance consumer to safely purchase commercial liability insurance coverage at a fair price to insure against the risk of property damage or bodily injury resulting from faulty workmanship." Act 604 of 2011, § 1(b).

Here, the underlying pleadings asserted against NWA sought only damages "resulting from faulty workmanship." There are no allegations that damage occurred after completion of the work, which would require an analysis of the exclusions under the Policy. Instead, the underlying pleadings sought damages "because of" and "on account of" property damage to real property that was caused by and arose out of an "occurrence"—the "occurrence" being the damage that occurred during the allegedly improper installation by L&A Flooring.

Nationwide argues the flooring was completed and put to its intended use, and Arkansas Code Annotated section 23-79-155 is inapplicable. It cites *S.E. Arnold & Co. v. Cincinnati Ins. Co.*, 2016 Ark. App. 587, 507 S.W.3d 553, in support of its position. However, that case is distinguishable.

In *Arnold*, although the underlying tort included complaints about the installation of the flooring, the only resulting damage alleged in the complaint was to the flooring itself, which was a product admittedly sold by Arnold. *Id.* We held that there was no uncertainty as to the effect of the damage-to-your-product exclusion—it excluded coverage for property damage to Arnold's product arising out of it or any part of it. *Id.*

Unlike *Arnold*, the property damage alleged here occurred during the installation; not because of the product itself. By the Policy's own terms, which are construed against Nationwide and in favor of coverage for NWA, the circuit court correctly ruled that neither exclusion applied to eliminate any possibility of coverage concerning the underlying pleadings asserted against NWA. Thus, the court did not abuse its discretion in finding that Nationwide owes a duty to defend and indemnify.

Affirmed.

TUCKER and WOOD, JJ., agree.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Michael P. Vanderford*, for appellant.

*Barber Law Firm, PLLC*, by: *M. Evan Stallings*, *Adam D. Franks*, and *Lauren A. Spencer*, for appellee.